JENNIFER A. NAJJAR
JUDITH E. COLEMAN
Trial Attorneys, U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7611

*Attorneys for Federal Aviation Administration*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY and HAWAII ISLAND COALITION MALAMA PONO, | ) ) ) ) ) Case No. 17-cv-2045 |
| Plaintiffs, | ) ) DEFENDANT'S MEMORANDUM IN |
| v. | ) SUPPORT OF ITS MOTION TO DISMISS ) COMPLAINT FOR LACK OF ) JURISDICTION |
| FEDERAL AVIATION ADMINISTRATION, | ) ) ) |
| Defendant. | ) ) |

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................................................. 1

II.    STATUTORY AND PROCEDURAL BACKGROUND ................................... 1

III.   ARGUMENT ................................................................................................... 3

       a.     49 U.S.C. § 46110 vests exclusive jurisdiction over Plaintiffs' "failure to
              act" claims with the courts of appeals.................................................... 3

       b.     This Court lacks jurisdiction over Plaintiffs' NEPA claim because the
              courts of appeals have exclusive jurisdiction over suits challenging FAA's
              decisions to grant interim operating authority. ...................................... 7

       c.     Transfer in lieu of dismissal is unwarranted. ......................................... 9

IV.    CONCLUSION ............................................................................................. 11

## TABLE OF AUTHORITIES

### Cases

*Air Line Pilots Ass'n, Int'l v. Civil Aeronautics Bd.,*
 750 F.2d 81 (D.C. Cir. 1984) ............................................................................... 5, 6

*Am. Aviation, Inc. v. U.S. Dep't of Transp.,*
 468 F. App'x 695 (9th Cir. 2012) ........................................................................ 2, 3, 8

*Am. Beef Packers, Inc. v. ICC,*
 711 F.2d 388 (D.C. Cir. 1983) ................................................................................. 10

*Am. Petroleum Inst. v. SEC,*
 714 F.3d 1329 (D.C. Cir. 2013) ................................................................................. 4

*Avia Dynamics, Inc. v. FAA,*
 641 F.3d 515 (D.C. Cir. 2011) ................................................................................... 7

*Aviators for Safe & Fairer Regulation v. FAA,*
 221 F.3d 222 (1st Cir. 2000) ...................................................................................... 7

*City of Alexandria v. Helms,*
 728 F.2d 643 (4th Cir. 1984) ..................................................................................... 9

*City of Dania Beach v. FAA,*
 485 F.3d 1181 (D.C. Cir. 2007) ................................................................................. 7

*City of Rochester v. Bond,*
 603 F.2d 927 (D.C. Cir. 1979) ................................................................................... 9

*Flytenow, Inc. v. FAA,*
 808 F.3d 882 (D.C. Cir. 2015) ................................................................................... 8

*Friedman v. FAA,*
 841 F.3d 537 (D.C. Cir. 2016) ................................................................................... 8

*George Kabeller, Inc. v. Busey,*
 999 F.2d 1417 (11th Cir. 1993) ................................................................................. 6

*Inv. Co. Inst. v. Bd. of Governors of the Fed. Reserve Sys.,*
 551 F.2d 1270 (D.C. Cir. 1977) ................................................................................. 7

*Janvey v. Proskauer Rose, LLP,*
 49 F.Supp.3d 1 (D.D.C. 2014) ................................................................................. 10

*Nat'l Fed'n of the Blind U.S. Dep't of Transp.,*
 827 F.3d 51 (D.C. Cir. 2016) ................................................................................. 4, 7

*Nat'l Fed'n of the Blind v. U.S. Dep't of Transp.,*
 78 F. Supp. 3d 407 (D.D.C. 2015) ............................................................................. 3

*Natural Resources Defense Council v. FAA*,
    292 F.3d 875 (D.C. Cir. 2002) ................................................................ 2

*Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*,
    447 F.3d 668 (9th Cir. 2007) .................................................................. 10

*Sea Air Shuttle Corp. v. United States*,
    112 F.3d 532 (1st Cir. 1997) .................................................................. 6

*Sierra Club v. U.S. Army Corps of Engr's*,
    803 F.3d 31 (D.C. Cir. 2015) ................................................................. 2

*Sierra Club v. U.S. Dep't of Transp.*,
    753 F.2d 120 (D.C. Cir. 1985) ............................................................... 8

*St. John's United Church of Christ v. City of Chicago*,
    502 F.3d 616 (7th Cir. 2007) ................................................................. 4

*Telecomm. Research & Action v. FCC*,
    750 F.2d 70 (D.C. Cir. 1984) ................................................................ 5

*Town of Fairview v. U.S. Dep't of Transp.*,
    201 F. Supp. 2d 64 (D.D.C. 2002) ......................................................... 9

**Statutes**

5 U.S.C §§ 701-706 ............................................................................................ 3

5 U.S.C. § 704 ................................................................................................... 8

28 U.S.C. § 1631 .......................................................................................... 10, 11

28 U.S.C. § 2401(a) ......................................................................................... 11

42 U.S.C. § 4321 ............................................................................................... 2

49 U.S.C. § 1486 ............................................................................................... 6

49 U.S.C. § 40128 ......................................................................................... 1, 2, 4

49 U.S.C. § 40128(b)(1)(A) ............................................................................... 2

49 U.S.C. §40128(b)(1)(B) ................................................................................ 2

49 U.S.C § 40128(b)(2) ...................................................................................... 2

49 U.S.C. § 40128(b)(7) ..................................................................................... 2

49 U.S.C. § 40128(c) .......................................................................................... 2

49 U.S.C. § 46110 .......................................................................................... 3, 4, 6, 9

49 U.S.C. § 46110(a) ...................................................................................... 1, 3, 4

49 U.S.C. § 46110(c) .......................................................................................... 4

**<u>Regulations</u>**

14 C.F.R. § 119.49 ........................................................................................................... 8

14 C.F.R. § 136.39(a) ...................................................................................................... 2

14 C.F.R. § 136.39(b) ...................................................................................................... 2

14 C.F.R. 136.41 ......................................................................................................... 2, 8

14 C.F.R. pt. 136 ............................................................................................................. 2

## I.      INTRODUCTION

Plaintiffs Public Employees for Environmental Responsibility (PEER) and Hawaii Coalition Malama Pono seek judicial review of the Federal Aviation Administration (FAA's) implementation of the National Parks Air Tour Management Act of 2000 (the "Act"), P.L. 106-181, title VIII, codified at 49 U.S.C. § 40128.  *See* Compl. for Declaratory & Inj. Relief (Compl.) ¶ 3, ECF No. 1.  Specifically, Plaintiffs allege that the FAA failed to implement air tour management plans or voluntary agreements at seven national parks throughout the United States[1] and that the FAA failed to consider the environmental impacts of granting interim operating authority to air tour operators operating at the parks.  Compl. ¶¶ 3-4.

Plaintiffs have brought their claims in the wrong court.  Both the FAA's action and alleged inaction are subject to judicial review only in "the United States Court of Appeals for the District of Columbia Circuit or in the Court of Appeals of the United States for the Circuit in which the person [challenging such an order] resides or has its principal place of business."  49 U.S.C. § 46110(a).  Because Plaintiffs' claims fall squarely within this grant of exclusive jurisdiction to the courts of appeals, this Court lacks jurisdiction over Plaintiffs' Complaint, and the Complaint should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.      STATUTORY AND PROCEDURAL BACKGROUND

Congress enacted the National Parks Air Tour Management Act to govern air tour operations over national parks and tribal lands.  49 U.S.C. § 40128.  *See generally Nat. Res. Def.*

---

[1] Plaintiffs reference and assert standing with regard to Hawaii Volcanoes National Park, Haleakala National Park, Muir Woods National Monument, Lake Mead National Recreation Area, Glacier National Park, Great Smoky Mountains National Park, and Bryce Canyon National Park.  Compl. ¶ 1.

*Council v. FAA*, 292 F.3d 875, 877 (D.C. Cir. 2002).  The Act requires the Administrator of the

FAA, in conjunction with the Director of the National Park Service ("Park Service"), to

"establish an air tour management plan for any national park . . . for which such a plan is not in

effect . . . whenever a person applies for authority to conduct a commercial air tour operation

over the park."  49 U.S.C. § 40128(b)(1)(A).[2]  *See also* 14 C.F.R. part 136 (implementing

regulations).  An air tour management plan is subject to environmental review under the National

Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321.  *See* 49 U.S.C § 40128(b)(2); 14 C.F.R.

§ 136.39(b).[3]  The Act permits the FAA to grant interim operating authority to commercial air

tour operators within certain parameters pending completion of an air tour management plan.

*See* 49 U.S.C. § 40128(c); 14 C.F.R. 136.41.  *See, e.g.*, *Am. Aviation, Inc. v. U.S. Dep't of

Transp.*, 468 F. App'x 695 (9th Cir. 2012) (affirming the FAA's limited grant of interim

operating authority to petitioner).

In 2012, Congress amended the Act to authorize the FAA and the Park Service to enter

into voluntary agreements with air tour operators in lieu of preparing air tour management plans.

*See* 49 U.S.C § 40128(b)(7).  Voluntary agreements must "address the management issues

necessary to protect the resources of [the affected] park and visitor use of such park without

compromising aviation safety or the air traffic control system."  *Id.*  Voluntary agreements are

subject to public review and tribal consultation but, in contrast to air tour management plans, are

---

[2] The objective of an air tour management plan is "to develop acceptable and effective measures to mitigate or prevent the significant adverse impacts, if any, of commercial air tour operations upon the natural and cultural resources [and] visitor experiences" in the park unit.  49 U.S.C. § 40128(b)(1)(B). *See also* 14 C.F.R. § 136.39(a).

[3] NEPA establishes procedural requirements for agencies to assess the environmental impacts of their proposed actions before making a decision.  *Sierra Club v. U.S. Army Corps of Engr's*, 803 F.3d 31, 36-37 (D.C. Cir. 2015).

2

not subject to analysis under NEPA.  *See id.* (permitting voluntary agreements to be implemented "without further administrative or environmental process").

Plaintiffs allege that the FAA violated the National Parks Air Tour Management Act and the Administrative Procedure Act, 5 U.S.C §§ 701-706, by failing to develop air tour management plans or voluntary agreements, and violated NEPA by granting existing air tour operators interim operating authority without conducting appropriate environmental review. Compl. ¶¶ 3-4.  However, a person seeking judicial review of an FAA decision, or, in this case, its alleged failure to make one, must do so "by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business."  49 U.S.C. § 46110(a).  Instead, Plaintiffs filed their Complaint in this District Court on October 4, 2017.

## III.   ARGUMENT

### a. 49 U.S.C. § 46110 vests exclusive jurisdiction over Plaintiffs' "failure to act" claims with the courts of appeals.

By statute, Congress has vested the courts of appeals with exclusive jurisdiction to review actions by the FAA.  *See* 49 U.S.C. § 46110 ("Section 46110"); *Nat'l Fed'n of the Blind v. U.S. Dep't of Transp.*, 78 F. Supp. 3d 407, 410 (D.D.C. 2015), *aff'd* 827 F.3d 51 (D.C. Cir. 2016) (Section 46110 "is a direct-review statute which vests exclusive jurisdiction in the court of appeals for review of . . . actions by" the Department of Transportation and the FAA).  FAA actions relating to the National Parks Air Tour Management Act are within the scope of that grant of exclusive jurisdiction.

Although "the normal default rule is that persons seeking review of agency action go first to district court," that default rule is superseded "when a direct-review statute specifically gives

the court of appeals subject-matter jurisdiction to directly review agency action." *Am. Petroleum Inst. v. SEC*, 714 F.3d 1329, 1332 (D.C. Cir. 2013) (citations omitted).  In Section 46110, Congress specified that "a person disclosing a substantial interest in an [FAA] order issued . . . in whole or in part under this part"—*i.e.*, Title 49, Subtitle VII, Part A—"may seek review of the order by filing a petition for review" in the federal courts of appeals.  49 U.S.C. § 46110(a). Congress further provided that the jurisdiction of the court of appeals would be "exclusive."  49 U.S.C. § 46110(c).  Thus, "Section 46110(a)'s direct-review provision removes [a covered FAA order] from the purview of the district court and places it within [the appellate court's] exclusive jurisdiction."  *Nat'l Fed'n of the Blind*, 827 F.3d at 57 (citations and internal quotation marks omitted).  *See also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616 (7th Cir. 2007) (affirming district court's dismissal of suit challenging FAA approval of airport expansion because "[t]he jurisdictional language in Section 46110 could not be plainer").

FAA orders issued under the Act come within the scope of Section 46110's direct-review provision.  By its terms, Section 46110(a) covers orders issued "in whole or in part" under Title 49, Subtitle VII, Part A.  The Act is codified at 49 U.S.C. § 40128, which is found in Title 49, Subtitle VII, Part A (in subpart I, chapter 401).  Therefore, orders issued "in whole or in part" under the Act by the FAA are subject to direct review in the courts of appeals and are within their exclusive jurisdiction.

Plaintiffs' claims seeking judicial review of alleged inaction and delay fall within the ambit of Section 46110 because the final "action" allegedly withheld would be an "order" subject to the exclusive jurisdiction of the courts of appeals under Section 46110.  This conclusion flows from the reasoning in *Telecommunications Research and Action Center v. Federal Communication Commission* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984), where the D.C.

Circuit held that a challenge to an agency's unreasonable delay in issuing a decision could be construed as an "order" for purposes of a direct-review statute because of the potential effect on the court's future jurisdiction over that decision.  In *TRAC*, the petitioners had filed claims alleging that the FCC had unreasonably delayed in making certain reimbursement determinations, and the D.C. Circuit held that it had exclusive jurisdiction to review the claims because any future determination on the reimbursements would be an order within the court's exclusive jurisdiction under the FCC's direct-review statute.  *Id.* at 74-79.  The court explained that "where a statute commits review of agency action to the Court of Appeals, *any suit* seeking relief that *might* affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals."  *Id.* at 75 (emphasis added).  The D.C. Circuit concluded that it had exclusive jurisdiction to review a challenge to agency inaction because ruling on the challenge could affect the court's future jurisdiction.  *Id.*

Under *TRAC* and Section 46110, the courts of appeals have exclusive jurisdiction over lawsuits challenging alleged inaction or delay by the FAA.  The week after it issued its decision in *TRAC*, the D.C. Circuit issued a similar ruling in a companion case, *Air Line Pilots Association, International, Ltd. v. Civil Aeronautics Board* ("*ALPA*"), 750 F.2d 81 (D.C. Cir. 1984), involving the agency responsible for aviation safety prior to the establishment of the FAA.  There, the pilots' association alleged that the agency had unreasonably delayed in making financial-assistance determinations for airline employees who claimed to have lost their jobs due to deregulation.  *Id.* at 83.  The D.C. Circuit affirmed the district court's dismissal of the suit for lack of jurisdiction and held that exclusive jurisdiction lay in the courts of appeals under *TRAC* and the predecessor statute to Section 46110 (49 U.S.C. § 1486 (1982)).  *See id.* at 84.  The D.C. Circuit again confirmed that in exercising direct-review jurisdiction over cases alleging agency

inaction, "the Court of Appeals is acting in aid of its future jurisdiction, and has exclusive jurisdiction." *Id.*

Other courts of appeal have followed the reasoning of *TRAC*, and the holding in *ALPA*, and ruled in suits alleging inaction or delay by the FAA that the claims can only be heard in the courts of appeals.  In *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532 (1st Cir. 1997), the plaintiff alleged that the FAA failed to take an enforcement action which resulted in the unlawful deprivation of its right to use seaplane ramps in the Virgin Islands.  The district court dismissed the suit for lack of subject-matter jurisdiction under Section 46110's predecessor statute, and the First Circuit affirmed.  *Id.* at 535-536.  Citing *TRAC*, the court of appeals found it "well established that the exclusive jurisdiction given to the courts of appeals to review FAA actions also extends to lawsuits alleging FAA delay in issuing final orders."  *Id.* at 535.

Similarly, in *George Kabeller, Inc. v. Busey*, 999 F.2d 1417 (11th Cir. 1993), the court of appeals affirmed the dismissal of a lawsuit challenging FAA's alleged failure to act on a complaint.  *See id.* at 1420.  The plaintiff maintained the district court had jurisdiction over the lawsuit because the FAA's failure to investigate the complaint was not a final order.  *Id.* at 1421. The Eleventh Circuit disagreed.  Applying the reasoning in *TRAC* and *ALPA*, the court held that the direct-review provision in Section 46110 extends to lawsuits involving claims of unreasonable delay.  *Id.* at 1420-22 & n.1.  Specifically, the court held that it has exclusive jurisdiction over all cases seeking relief that might affect its future statutory power of review over final agency action.  *Id.* at 1421-22.

Here, Plaintiffs have framed their Complaint as a challenge to alleged inaction and delay by the FAA in implementing the Act and completing environmental review under NEPA.  This challenge is within the exclusive jurisdiction of the courts of appeals because a ruling on

Plaintiffs' claims could affect the court of appeal's future jurisdiction over the "orders" relating to any future air tour management plans and associated NEPA documentation for the specified park units under Section 46110.  Therefore, under *TRAC* and *ALPA*, and the other authority cited above, Plaintiffs' claims fall outside the scope of this Court's jurisdiction.

> b. **This Court lacks jurisdiction over Plaintiffs' NEPA claim because the courts of appeals have exclusive jurisdiction over suits challenging FAA's decisions to grant interim operating authority.**

Just as Plaintiffs' allegations of agency inaction are subject to the exclusive jurisdiction of the courts of appeals, Plaintiffs' NEPA claims challenging agency action—the FAA's grants of interim operating authority—are also wrongly before this Court.  Those grants of authority are agency actions subject to review, if at all, in the courts of appeals, as "orders" within the meaning of Section 46110.

The term "order" as used in Section 46110(a) is "broadly construed" and "should be read expansively." *Avia Dynamics, Inc. v. FAA*, 641 F.3d 515, 520 (D.C. Cir. 2011) (citing *City of Dania Beach v. FAA*, 485 F.3d 1181, 1187 (D.C. Cir. 2007)).  *See also Aviators for Safe & Fairer Regulation v. FAA*, 221 F.3d 222, 225 (1st Cir. 2000) (noting that "[t]he term 'order' is read expansively in review statutes generally and [Section 46110] specifically" (citations omitted)).  In the D.C. Circuit, the term "order" in a direct-review statute "is interpreted to mean any agency action capable of review on the basis of the administrative record." *Nat'l Fed'n of the Blind*, 827 F.3d at 55 (quoting *Inv. Co. Inst. v. Bd. of Governors of the Fed. Reserve Sys.*, 551 F.2d 1270, 1278 (D.C. Cir. 1977)).  The FAA's decisions granting interim operating authority are agency actions that are reviewable based on an administrative record.  Each decision to grant an application for interim operating authority is published as a notice in the Federal Register, where it is open to public comment, *see* 14 C.F.R. § 136.41, and the final authorization is

ultimately incorporated into the tour operator's Operations Specifications under 14 C.F.R. §
119.49.  So presented, the authorization is susceptible to judicial review based on the agency's
record for the application, subject to the constraints of the APA and Section 46110.  *See, e.g.*,
*Am. Aviation*, 468 F. App'x 695 (judicial review of the FAA hearing order on interim operating
authority conditions); *see also, e.g.*, *Sierra Club v. U.S. Dep't of Transp.*, 753 F.2d 120 (D.C.
Cir. 1985) (judicial review of claims that the FAA violated NEPA in issuing revised operating
specifications).[4]

Plaintiffs' NEPA claim challenges the grants of interim operating authority relating to the
specified park units.  Count III of the Complaint alleges a violation of NEPA because "the
FAA's repeated grants of interim authority for air tour operators" constitute "a 'major federal
action' . . . subject to NEPA," and "[t]he FAA has not prepared [NEPA documentation]
concerning [those] grants of interim authorities . . . ."  Compl. ¶¶ 61, 65.  While partly framed as
a challenge to an alleged failure to act, Plaintiffs' NEPA claim essentially seeks judicial review
of the FAA's "repeated grants of interim operating authority" to commercial air tour operators.
Compl. ¶¶ 4, 28.[5]

Plaintiffs' NEPA claim resembles those in *City of Rochester v. Bond*, 603 F.2d 927 (D.C.
Cir. 1979), where the plaintiff city challenged the FAA's issuance of a "no hazard"

---

[4] The APA and Section 46110 limit judicial review to "final" actions and orders.  *See* 5 U.S.C.
§ 704; *Friedman v. FAA*, 841 F.3d 537, 541 (D.C. Cir. 2016) (the D.C. Circuit "has incorporated
generally applicable finality principles into the analysis of what counts as an 'order' under
section 46110" (quoting *Flytenow, Inc. v. FAA*, 808 F.3d 882, 888–89 (D.C. Cir. 2015)).
Consequently, an FAA action concerning interim operating authority that lacks sufficient finality
would be unreviewable; it could not be reviewed by either the district court or the courts of
appeals.

[5] Contrary to Plaintiffs' allegations, interim operating authority is not renewed annually, but, in
any event, timely challenges to a single grant or repeated grants or interim operating authority
are subject only to the jurisdiction of the court of appeals under 49 U.S.C. § 46110.

determination for a radio antenna without completing an environmental impact statement under NEPA.  *See id.* at 931.  The D.C. Circuit held that it had exclusive jurisdiction over the suit because the "no hazard" determination was an "order" within the exclusive jurisdiction of the court of appeals.  Similarly, here, Plaintiffs are challenging the FAA's determinations on interim operating authority because the FAA allegedly failed to complete a required NEPA analysis. The court of appeals' exclusive jurisdiction straightforwardly extends to these claims, just as it did in *City of Rochester*.  *See also, e.g.*, *City of Alexandria v. Helms*, 728 F.2d 643 (4th Cir. 1984) (holding that district court lacked jurisdiction to grant injunction on complaint alleging that the FAA violated NEPA by failing to prepare an environmental impact statement for new flight paths); *Town of Fairview v. U.S. Dep't of Transp.*, 201 F. Supp. 2d 64, 73 n.10 (D.D.C. 2002) (dismissing complaint alleging the FAA failed to prepare an environmental impact statement required under NEPA because it was not ripe for review, but stating in dicta that future completed action would be subject to direct review in the courts of appeals).

That Plaintiffs have not specified any particular grant of interim operating authority for review is of no moment.  Their allegations target all of the grants of such authority for the specified park units in lump-sum fashion, and are essentially claims that NEPA review should have been completed for each such grant.  Because any final grant of interim operating authority by the FAA would be an order within the scope of Section 46110, this Court lacks jurisdiction to review Plaintiffs' NEPA claim.  Exclusive jurisdiction is vested in the courts of appeals.

### c.    **Transfer in lieu of dismissal is unwarranted**.

The FAA seeks dismissal of Plaintiffs' complaint rather than transfer to the court of appeals under 28 U.S.C. § 1631.  Transferring this case to the court of appeals would not serve

the interest of justice because the equities do not favor Plaintiffs, and Plaintiffs' Complaint is not sufficiently tailored to substitute for a petition for review under Section 46110.

A court that lacks jurisdiction over a civil action must transfer the action to a court of competent jurisdiction "if it is in the interest of justice."  28 U.S.C. § 1631.  The plaintiff must demonstrate that transfer is warranted under the statute.  *See Janvey v. Proskauer Rose, LLP*, 49 F. Supp. 3d 1, 5 (D.D.C. 2014).  An action filed by a *pro se* plaintiff is the paradigmatic example of a suit that may warrant transfer.  *See id.* at 7-8 (and cases cited therein); *see also Am. Beef Packers, Inc. v. I.C.C.*, 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam) (noting that "[p]assages of the legislative history indicate that Congress contemplated that the provision would aid litigants who were confused about the proper forum for review").  Here, however, plaintiffs are represented by counsel, one plaintiff (PEER) has litigated numerous cases in the courts of this circuit and others,[6] and the issue of jurisdiction is straightforward.  The equities favoring transfer are thus minimal at best.  *See, e.g.*, *Janvey*, 49 F. Supp. 3d. at 8-9 (holding that interests of justice did not require transfer of suit where plaintiffs were represented by law firms and had filed numerous similar actions).

Dismissing the Complaint would also promote judicial efficiency.  Section 46110 contemplates the filing of a petition for review tailored to a specific FAA order.  Plaintiffs' Complaint is not tailored to seek review of any discrete agency action.  It broadly challenges the FAA's actions and inactions in implementing the Act across a range of geographically disparate parks, as well numerous unspecified grants of interim operating authority.  Some or all of the

---

[6] *See, e.g.*, *Public Emps. for Envtl. Responsibility v. U.S. Dept. of Agric.*, No. 15-cv-02023-CRC (D.D.C.); *Public Emps. for Envtl. Responsibility v. Cruickshank*, D.D.C. No. 10-cv-1067-RBW-DAR (D.D.C.).  PEER has also been in a petitioner in at least one direct-review action in a court of appeals.  *See Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 447 F.3d 668 (9th Cir. 2007).

agency actions that are the subject of this action may be outside the six-year of statute of

limitations in 28 U.S.C. § 2401(a), not to mention the 60-day statute of limitations applicable to

petitions under Section 46110.  Dismissing this complaint would require Plaintiffs to refile the

action (if at all) in the more focused form of a petition for review, mindful of the limitations

applicable to such petitions, promoting the efficiency of any future court of appeals proceeding.

Plaintiffs cannot demonstrate that it would cause them hardship to refile their lawsuit in

the circuit court with more particularized allegations.  Accordingly, transfer under 28 U.S.C.

§ 1631 is not required in the interest of justice, and this Court should dismiss the case.

## IV.    CONCLUSION

For the reasons stated above, the case should be dismissed for lack of subject matter

jurisdiction.

Respectfully submitted this 14th day of December, 2017.

JEFFREY H. WOOD
Acting Assistant Attorney General

/s/ Jennifer A. Najjar
JENNIFER A. NAJJAR
JUDITH E. COLEMAN
Trial Attorneys
U.S. Department of Justice
Environment & Natural
Resources Division, NRS
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0476
Fax: (202) 305-0506
jennifer.najjar@usdoj.gov
judith.coleman@usdoj.gov

Attorneys for Federal Aviation Administration

OF COUNSEL:
MICHAEL S. FINEMAN
CATHERINE M. BASIC
Airports and Environmental
Attorneys
Federal Aviation Administration
800 Independence Ave., SW
Washington, DC 20591

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 14th, 2017, I electronically transmitted the attached

document to the Clerk's Office using the CM/ECF System.  Counsel of record currently

identified on the Mailing Information list to receive e-mail notices for this case are served via

Notices of Electronic Filing generated by CM/ECF.


*/s/ Jennifer A. Najjar*
JENNIFER A. NAJJAR